IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Keith Monteyne, </br></br> Plaintiff </br></br> vs. </br></br> Miller Fabrication LLC; Dynamic Energy Services, Inc.; Natural Energy Field Services, LLC; and The Ross Group Construction Corporation, </br></br> Defendants. | Civil No. _____ </br></br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiff, Keith Monteyne, for his Complaint, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

[1]     Plaintiff Keith Monteyne ("Plaintiff") is a North Dakota citizen with his residence in Divide County, North Dakota.

[2]     Defendant Miller Fabrication LLC ("Miller Fabrication") has a principal place of business located in Wheatland, Wyoming. At all times material to this matter, Miller Fabrication was engaged in doing business in the State of North Dakota.

[3]     Defendant Dynamic Energy Services, Inc. ("Dynamic Energy Services") has a principal place of business located at 421 5th Avenue NE, Sidney, Montana. At all times material to this matter, Dynamic Energy was engaged in doing business in the State of North Dakota.

[4]     Defendant Natural Energy Field Services, LLC ("NEFS") has a principal place of business located at 99 Wind Haven Drive, Suite 1, Nicholasville, Kentucky. At

all times material to this matter, NEFS was engaged in doing business in the State of North Dakota.

[5]     Defendant The Ross Group Construction Corporation ("Ross Group") has a principal place of business located at 510 East 2nd Street, Tulsa, Oklahoma.  At all times material to this matter, Ross Group was engaged in doing business in the State of North Dakota.

[6]     This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of costs and interest, and the parties are citizens of different states.

[7]     Venue is proper in the District of North Dakota, Western Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this matter occurred in Williams County, North Dakota.

## FACTUAL BACKGROUND

[8]     On November 17, 2018, and at all times material to this matter, Plaintiff was employed by Kinder Morgan, Inc. ("Kinder Morgan") as an Operator II at the Norse Gas Plant located in or near McGregor, North Dakota. As an Operator II, one of his responsibilities was to ensure that the compressor stations were operating appropriately at the Norse Gas Plant, owned and operated by Kinder Morgan.

[9]     On November 17, 2018, Plaintiff was working at the Norse Gas Plant when he inspected the No. 6 Compressor and Building ("No. 6 Compressor") after hearing a hissing noise.

[10]    Plaintiff approached the No. 6 Compressor and opened the sliding southeast door. Plaintiff then opened the southwest door to the No. 6 Compressor, entered the building, and a fire/explosion occurred.

[11] Prior to November 17, 2018, Kinder Morgan had hired Miller Fabrication, Dynamic Energy Services, NEFS, and Ross Group with respect to the replacement and resizing of the process safety valves and associated piping in the No. 6 Compressor.

[12] Ross Group was contracted by Kinder Morgan to prepare the construction drawings associated with the No. 6 Compressor.

[13] Miller Fabrication and Dynamic Energy Services were contracted to construct and install the new process safety valves and associated components among other operations.

[14] Kinder Morgan retained NEFS to be the onsite representative for Kinder Morgan during the installation operations.

[15] Ross Group provided "issued for construction drawings" associated with the new design of the process safety valve-2005 and process safety valve-2006 and associated components.

[16] On or about October 2, 2018, Dynamic Energy Services and NEFS reviewed the Ross Group "issued for construction drawings" and incorrectly concluded that the one (1) inch threadolet on the "issued for construction drawings" was to be a one and one-half (1½) inch threadolet. In doing so, Dynamic Energy Services and NEFS concluded that the reduction tee indicated in the "issued for construction drawings" was not needed. Dynamic Energy Services and NEFS did not take physical measurements of the one (1) inch threadolet in making its determination. Dynamic Energy Services and/or NEFS based on their incorrect determination, then made red-line changes to the "as-built Piping and Instrumentation Drawings" ("As-Built P&IDs") for the No. 6 Compressor.

[17] Dynamic Energy Services and NEFS also indicated on the "as-built P&IDs" that the isolation ball valve was to be installed below the new process safety valve-2006.

[18] On or about November 15, 2018, the No. 6 Compressor was shut down and a locked-out/tagged-out was performed for the construction and installation of the new process safety valves and associated components.

[19] Miller Fabrication was conducting the construction and installation of the process safety valves-2006 and associated components. Miller Fabrication referenced the red-lined "As-Built P&IDs" and noted that it was inaccurate with respect to the size of the threadolet. Miller Fabrication, without consultation to anyone, then installed a one and one-half (1½) inch by one (1) inch reducer ("swage nipple") between the isolation valve and the threadolet. This was inconsistent with the original "issued for construction drawings" prepared by Ross Group and the red-line changes made by Dynamic Energy Services and NEFS.

[20] Following the installation of the process safety valve-2006 and its associated components, which included the swage nipple installed by Miller Fabrication, the No. 6 Compressor was put back into service.

[21] On or about November 17, 2018, the swage nipple's one (1) inch threads failed inside the one (1) inch threadolet, resulting in the swage nipple parting from the threadolet. Gas was then disbursed into the No. 6 Compressor ultimately igniting, causing a fire/explosion.

[22] Plaintiff sustained serious and permanent injuries as a result of the fire/explosion, including, but not limited to, burns to his face, neck, and both hands.

## COUNT I – MILLER FABRICATION - NEGLIGENCE

[23]    Plaintiff incorporates all of the previous paragraphs as if fully set forth herein.

[24]    Miller Fabrication had a duty to Plaintiff to exercise reasonable care.

[25]    Miller Fabrication was negligent in multiple ways, including, but not limited to:

   a. Failing to adhere to the "issued for construction drawings."

   b. Installing an inappropriate component in the No. 6 Compressor.

   c. Continuing construction and installation operations despite a noted discrepancy.

   d. Failing to communicate a noted discrepancy with the red-lined "as-built P&IDs."

   e. Failing to properly inspect the installation at the No. 6 Compressor prior to start-up.

   f. Creating a dangerous condition at the No. 6 Compressor.

   g. Permitting a dangerous condition to exist at the No. 6 Compressor.

   h. Otherwise failing to exercise reasonable care as proven by the evidence.

[26]    The conduct of Miller Fabrication described above was a direct and proximate cause of the fire/explosion and the injuries to Plaintiff.

[27]    As a direct and proximate result of Miller Fabrication's negligence, Plaintiff suffered serious and permanent injuries and sustained, and will in the future sustain, medical expenses for his care and treatment, physical and emotional pain and suffering, loss of earnings and loss of future earning capacity, physical impairment, loss of

function, disfigurement, embarrassment, disability, loss of enjoyment of life, and other related damages allowable under the law.

[28]   Plaintiff is entitled to recover economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

## COUNT II – DYNAMIC ENERGY SERVICES - NEGLIGENCE

[29]   Plaintiff incorporates all of the previous paragraphs as if fully set forth herein.

[30]   Dynamic Energy Services had a duty to Plaintiff to exercise reasonable care.

[31]   Dynamic Energy Services was negligent in multiple ways, including, but not limited to:

   a. Failing to adhere to the "issued for construction drawings."
   b. Incorrectly altering the "issued for construction drawings."
   c. Failing to identify the inaccurate changes made to the "issued for construction drawings."
   d. Creating a dangerous condition at the No. 6 Compressor.
   e. Permitting a dangerous condition to exist at the No. 6 Compressor.
   f. Otherwise failing to exercise reasonable care as proven by the evidence.

[32]   The conduct of Dynamic Energy Services described above was a direct and proximate cause of the fire/explosion and the injuries to Plaintiff.

[33]   As a direct and proximate result of Dynamic Energy Services' negligence, Plaintiff suffered serious and permanent injuries and sustained, and will in the future sustain, medical expenses for his care and treatment, physical and emotional pain and

suffering, loss of earnings and loss of future earning capacity, physical impairment, loss of function, disfigurement, embarrassment, disability, loss of enjoyment of life, and other related damages allowable under the law.

[34]   Plaintiff is entitled to recover economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

## COUNT III – NEFS - NEGLIGENCE

[35]   Plaintiff incorporates all of the previous paragraphs as if fully set forth herein.

[36]   NEFS had a duty to Plaintiff to exercise reasonable care.

[37]   NEFS was negligent in multiple ways, including, but not limited to:

   a. Failing to adhere to the "issued for construction drawings."

   b. Failing to inspect, identify, or otherwise correct the inaccurate changes made to the "issued for construction drawings."

   c. Failing to inspect, identify, or otherwise correct the improper equipment installed in the No. 6 Compressor.

   d. Failing to design or ensure that the process safety valve-2006's components were properly supported, braced, and/or secured.

   e. Creating a dangerous condition at the No. 6 Compressor.

   f. Permitting a dangerous condition to exist at the No. 6 Compressor.

   g. Otherwise failing to exercise reasonable care as proven by the evidence.

[38]   The conduct of NEFS described above was a direct and proximate cause of the fire/explosion and the injuries to Plaintiff.

[39] As a direct and proximate result of NEFS's negligence, Plaintiff suffered serious and permanent injuries and sustained, and will in the future sustain, medical expenses for his care and treatment, physical and emotional pain and suffering, loss of earnings and loss of future earning capacity, physical impairment, loss of function, disfigurement, embarrassment, disability, loss of enjoyment of life, and other related damages allowable under the law.

[40] Plaintiff is entitled to recover economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

## COUNT IV – ROSS GROUP – NEGLIGENCE

[41] Plaintiff incorporates all of the previous paragraphs as if fully set forth herein.

[42] Ross Group had a duty to Plaintiff to exercise reasonable care.

[43] Ross Group was negligent in multiple ways, including, but not limited to:

   a. Failing to use appropriate materials with respect to the scope of the work associated with the No. 6 Compressor.

   b. Failing to design or ensure that the process safety valve-2006's components were properly supported, braced, and/or secured.

   c. Creating a dangerous condition at the No. 6 Compressor.

   d. Permitting a dangerous condition to exist at the No. 6 Compressor.

   e. Otherwise failing to exercise reasonable care as proven by the evidence.

[44] The conduct of Ross Group described above was a direct and proximate cause of the fire/explosion and the injuries to Plaintiff.

[45] As a direct and proximate result of NEFS's negligence, Plaintiff suffered serious and permanent injuries and sustained, and will in the future sustain, medical expenses for his care and treatment, physical and emotional pain and suffering, loss of earnings and loss of future earning capacity, physical impairment, loss of function, disfigurement, embarrassment, disability, loss of enjoyment of life, and other related damages allowable under the law.

[46] Plaintiff is entitled to recover economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

[47] WHEREFORE, Plaintiff requests judgment against each Defendant in an amount in excess of $75,000 for all damages allowable under the law, and also requests interest, costs and disbursements, and such other and further relief as is just and proper.

**[48] TRIAL BY JURY IS DEMANDED.**

Dated:  March 7, 2022.

                MARING WILLIAMS LAW OFFICE, P.C.

                By:   /s/ Lindsay M. Wilz
                      Lindsay M. Wilz (06870)
                      1661 Capitol Way, Suite 103LL
                      Bismarck, ND 58501
                      (701) 224-0430
                      lwilz@maringlaw.com

                      and

                      Mary E. Batcheller (08407)
                      1220 Main Avenue, Suite 105
                      Fargo, ND 58103
                      (701) 241-4141
                      mbatcheller@maringlaw.com

                      Attorneys for Plaintiff